*Russell,* for appellants.

*Barr & Goodloe,* for appellees.

---

## A. C. KINNISON *v.* S. D. BROOK'S ADMR.

**Principal and Surety—Contribution on Guardian's Bond.**

A ward obtained judgment against sureties, who were solvent, and severally as well as jointly liable upon a bond that was a nullity: **Held,** that without objection below, they cannot complain of the error in the bond.

**Same—Judgment a Bar—Parties.**

In a suit by a surety who paid the liability, for contribution, the judgment is no bar, because it was not rendered between the sureties.

**Bonds—Guardian and Ward—Order Releasing Surety.**

An order of the County Court, releasing the surety in a Guardian's Bond, from past and future responsibility, without taking another bond is void.

Same—Blank Signatures.
> The taking of signatures upon blank forms or papers, purporting to
> be bonds, is held to be no official bond.

APPEAL FROM BULLITT CIRCUIT COURT.

January 21, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

As heretofore adjudged by this court in the case of Brooks
vs. Morrow, manuscript opinion, the order of the County Court
releasing the security in the first guardian's bond from past and
future responsibility without taking another bond was a nullity
and the taking signatures upon a blank forms or pages
was therein decided to be no bond. (See Brooks vs. Morrow,
Ky. Opin., vol. 2, p. 202.)

And as the ward had obtained judgment in that suit against
sureties that were good and solvent and were severally as well
as jointly liable to them they did not see proper to complain
of the error and those securities being so severally liable could
not complain, therefore, they could not reverse said judgment
though this palpable error was committed.

But in this suit by the security or his administrator who paid
the liability for contribution, said judgment is no bar because
it was not rendered between these parties, hence, the judgment
against appellant for a due contribution was both just and legal.

The litigation between Kinnison and the securities of R. F.
Samuels, the County Court Clerk who transacted said business
so imperfectly, and who are parties to Kinnison's answer and
cross petition has not yet been decided, their demurrer to his
cross petition seems to have been overruled but were it not as
his cross pleadings are still pending we could not correct any
error which is not a final order.

As Kinnison's right to recover as against the County Judge
and the Clerk upon his official bond can only be predicated upon
his final responsibility to the wards it was right not to adjudicate
the cross petition until this responsibility was ascertained.

Wherefore, the judgment on the petition of Brooks' adminis-
trators herein is affirmed. It is considered by this court that
recovery of a *pro rata* part of the cost by appellee against appel-

lant was equitable and right because he wrongfully escaped from the just litigation.

*R. H. Field, for appellant.*
*A. H. Field, for appellee.*